FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 20, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

STEVEN VANN SHOEMAKER,

Plaintiff,

v.

SPECTRUM, et al.,

Defendants.

No. 4:26-CV-05193-MKD

ORDER DISMISSING CASE

Plaintiff filed a Complaint on November 9, 2026. ECF No. 1. Plaintiff also filed an application to proceed *in forma pauperis*. ECF No. 2. A complaint filed by any party that seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to screening, and the Court must dismiss a complaint that is, among other things, frivolous. 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Having reviewed Plaintiff's allegations liberally, *see Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019), the Court concludes Plaintiff's Complaint is frivolous. Plaintiff alleges that Spectrum and other entities

administer telephone numbers and IP addresses as "one organization" controlling public access to the internet. ECF No. 1 at 5. He asks the Court to accept his citizen report and refer the matter to antitrust and communications authorities. *Id.* He also demands $100 trillion. *Id.* at 6. The Court has "no general supervisory jurisdiction over the course of executive investigations." *Jett v. Castaneda*, 578 F.2d 842, 845 (9th Cir. 1978). Plaintiff's citizen report creates no enforceable right to the requested referral and his broad assertions supply no factual or legal basis for the demanded damages. His asserted entitlement to relief therefore lacks an arguable basis in law. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court thus dismisses this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further denies leave to amend because additional factual allegations would not create an independent right of action to compel the requested referral or recover $100 trillion through this citizen report. *See Lucas v. Cal. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (holding that when a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint).

Accordingly, **IT IS HEREBY ORDERED:**

1. This action is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff's application to proceed *in forma pauperis*, **ECF No. 2**, is **DENIED as moot.**

3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, **enter judgment**, provide a copy to Plaintiff, and **CLOSE** the file.

DATED November 20, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE